# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY McHUGH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. CIV-23-0949-HE |
| ) | |
| CHRISTE QUICK, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner Timothy McHugh, a state prisoner appearing *pro se*, filed this case seeking habeas relief from his state court conviction. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Shon T. Erwin for initial proceedings. After initial review, Judge Erwin issued a Report and Recommendation recommending that the petition be dismissed as untimely. Petitioner has objected to the Report, thereby triggering *de novo* review of matters to which objection has been raised. Petitioner contends that the statutory period for filing his petition should be tolled because one of his grounds for relief is that he is actually innocent of one of the two charges to which he pled guilty.

Petitioner pled guilty to one count of trafficking in illegal drugs and one count of child neglect.[1] The petition asserts that petitioner is actually innocent of the child neglect count because he did not meet the definition of a "person responsible for child neglect,"

---

[1] *Petitioner was sentenced to ten years on each count to be served concurrently.*

and that his counsel was ineffective for failing to inform him that he was pleading guilty to the child neglect charge.

"[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief. This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (quotations and citation omitted). Successful actual innocence claims, however "are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. (quotations and citation omitted).

Here, petitioner points to no new evidence persuasively supporting his claim of actual innocence. He signed a plea of guilty "acknowledging that he had read, completed, and understood [the] form," which listed both counts against him, the statutory basis for each count, and his understanding of the plea agreement he had reached with the district attorney as to each count.[2] He now contends that he could not have been present in the home where the child suffered abuse/neglect because a protective order was in place to prevent him from being in that home. It appears to be true that an emergency protection

---

[2] *The court takes judicial notice of the filings in* State of Oklahoma v. McHugh, *Case No. CF-2018-19, District Court of Jefferson County, State of Oklahoma.*

---

order was entered against petitioner on May 14, 2018.[3]  But that protective order was dismissed on May 24, 2018, and the offense to which the petitioner pled guilty occurred on May 28, 2018.  In short, there is no evidence persuasively suggesting petitioner's actual innocence when evaluated against the demanding standard noted above.

Further, there is nothing offered by petitioner which otherwise challenges the Report's recommendation as to timeliness of the petition.  It was filed well outside AEDPA's limitations period and, beyond his arguments based on claimed actual innocence, petitioner has made no attempt to establish that he is entitled to statutory or equitable tolling beyond that recognized in the Report's calculation.

In the absence of a sufficient showing as to either factual innocence or a basis for tolling the limitations period, the Report and Recommendation [Doc. #5] is **ADOPTED**.  The petition is **DISMISSED** with prejudice.  Further, because petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

Dated this 4th day of January, 2024.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[3] See <u>Boatman v. McHugh</u>, Case No. PO-2018-21, District Court of Jefferson County, State of Oklahoma.